NORTHERN MICHIGAN EXPLORATION COMPANY v PUBLIC
SERVICE COMMISSION

Docket No. 65275. Submitted April 7, 1983, at Lansing.—Decided
November 28, 1983.

In December, 1979, Northern Michigan Exploration Company filed
a complaint against the Michigan Public Service Commission in
Ingham Circuit Court challenging an earlier decision of the
commission, alleging that the decision was erroneous, unrea-
sonable, and unlawful. Shell Oil Company and Michigan Con-
solidated Gas Company were allowed to intervene as parties
defendant. In July, 1981, the case was placed on the no-prog-
ress calendar. Plaintiff filed a motion to save, stating that a
comparable case was pending before the Public Service Com-
mission and that it would promote judicial economy to postpone
proceedings in this case until the commission issued its opinion
and order in the other case. On January 5, 1982, the case was
again placed on the no-progress calendar. Plaintiff again filed a
motion to save citing the same reasons as before. The court,
Robert Holmes Bell, J., ordered this case dismissed for lack of
progress if within 20 days no affirmative action were taken to
bring it to issue. Plaintiff did file what it referred to as first
interrogatories to the commission. The commission filed objec-
tions to the interrogatories and a motion to dismiss contending
that the filing of the first interrogatories by plaintiff did not
constitute affirmative action to bring the matter to issue be-
cause the interrogatories requested information which was
either readily available to and known by plaintiff or not discov-
erable. Following a hearing, the trial court dismissed the case.
Plaintiff appeals. *Held:*

The trial court did not abuse its discretion in dismissing
plaintiff's action. The court had the authority to order plaintiff
to proceed with affirmative action to bring the case within 20
days. The interrogatories plaintiff filed could not have been
material to plaintiff's trial preparation and the filing of the
interrogatories did not constitute affirmative action.

Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
23 Am Jur 2d, Depositions and Discovery §§ 21-24.

TRIAL — DISCOVERY — GOOD CAUSE.

> Michigan has a strong historical commitment to a far-reaching, open, and effective discovery practice; the judicial "good cause" prerequisite for discovery is established when the moving party demonstrates that the information sought is or might lead to admissible evidence, is material to the moving party's trial preparation, or is for some other reason necessary to promote the ends of justice.

*William H. Stephens, III,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt,* Assistant Attorney General, for the Public Service Commission.

*Mika, Meyers, Beckett & Jones* (by *John M. DeVries*), for Michigan Consolidated Gas Company.

*Foster, Swift, Collins & Coey, P.C.* (by *David W. McKeague*), for Shell Oil Company.

Before: D. E. HOLBROOK, JR., P.J., and HOOD and T. M. GREEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from a June 11, 1982, order of dismissal for lack of progress issued by the Ingham County Circuit Court.

Plaintiff commenced the action against defendant Michigan Public Service Commission on December 28, 1979, in Ingham County Circuit Court. The complaint stated it was filed pursuant to § 26 of 1909 PA 300, being MCL 462.26; MSA 22.45, and that the opinion and order of defendant, dated July 31, 1979, in Michigan Public Service Commission case No. U-970 (Grant 13) was erroneous, unreasonable, and unlawful. According to the July 31, 1979, opinion and order, this case involved

---

* Circuit judge, sitting on the Court of Appeals by assignment.

review of proration findings issued in hearings arising from the Grant 13-25N-12W Field. Defendant held that the 90-10 net pay approach was the most equitable and least wasteful of the alternatives.

On February 8, 1980, the trial court ordered that Shell Oil Company be permitted to intervene as a matter of right, pursuant to stipulation of counsel for plaintiff and defendant. Similarly, on February 14, 1980, the trial court ordered that Michigan Consolidated Gas Company be similarly permitted to intervene.

On February 20, 1980, defendant filed its answer. Shell Oil filed its answer on February 25, 1980, and on March 4, 1980, Michigan Consolidated Gas Company filed its answer. On December 12, 1980, the trial court reassigned the case to another judge.

Thereafter, this case went on the no-progress calendar for July 7, 1981. A motion to save was filed by plaintiff and supported by affidavit of its counsel to the effect that the Cleon 22 case, pending before the Michigan Public Service Commission, involved many of the same issues and it would promote judicial economy to postpone proceedings in this case until the Michigan Public Service Commission opinion and order issued in that case.

This case again went on the no-progress calendar for January 5, 1982. Plaintiff's counsel again filed a motion to save, supported by affidavit, citing the same reasons as before. However, the trial court ordered this case dismissed for lack of progress if within 20 days no "affirmative action" were taken to bring it to issue.

Within the 20 days, plaintiff filed what it referred to as first interrogatories with defendant

Michigan Public Service Commission. At the same time, notice of substitution of counsel was filed by plaintiff. On February 4, 1982, defendant filed objections to plaintiff's first interrogatories, and, thereafter, on March 17, 1982, filed a motion to dismiss contending that filing plaintiff's first interrogatories was not an affirmative action to bring the matter to issue in accordance with the court's January 5, 1982, order because all the interrogatories requested information readily available to and known by plaintiff and not discoverable under GCR 1963, 309.3 or in an appeal under 1909 PA 300, § 26. A hearing was held on the motion on April 1, 1982, following which the trial court ordered dismissal of plaintiff's case.

The issue which we must decide is whether the trial court abused its discretion in dismissing plaintiff's action for no progress in more than two years and for failure to comply with the circuit court's order that plaintiff proceed with affirmative action to bring the case to issue within 20 days. See GCR 1963, 501.3.

It seems clear that the circuit court had the authority to order plaintiff to proceed within 20 days or face dismissal for no progress. Specifically, the court's order of January 5, 1982, reads:

"It appearing to this court that no progress has been made in this matter which has been pending for more than two years, and that the interests of the parties and the orderly administration of justice compel action,

"Now, therefore, it is ordered that if no affirmative action is taken to bring this matter to issue within twenty days of the date of this order, this cause shall be dismissed for no progress without further order of this court."

The real issue relates to whether plaintiff's filing

of the interrogatories constituted "affirmative action" in accordance with the court's order of January 5, 1982. There would be no abuse of discretion in the trial court's entering such an order after a case had been pending on no progress for two years and the only reason given for not proceeding was "judicial economy" to be accomplished by awaiting a lower tribunal's decision in another case allegedly involving similar issues. The sole authority cited by plaintiff for its position that the circuit court should have waited for a decision in the Cleon 22 case, before requiring progress in the present case, is *International Harvester Co v Rockwell Spring & Axle Co,* 339 F2d 949 (CA 7, 1964). As pointed out by Shell Oil Company, however, that case is readily distinguishable and would not be controlling on this Court.

When considering the interrogatories, it should be remembered that Michigan has a strong historical commitment to a far-reaching, open, and effective discovery practice, and "good cause" is established when the moving party demonstrates that the information sought is or might lead to admissible evidence, "is material to the moving party's trial preparation", or is for some other reason necessary to promote the ends of justice. *Daniels v Allen Industries, Inc,* 391 Mich 398; 216 NW2d 762 (1974).

In the present case, even assuming that plaintiff has the right to use interrogatories in this statutory action, there remains the fact that there is nothing material to plaintiff's trial preparation in interrogatories 1, 2b and d, 3, 4, 5, and 6. All of the listed interrogatories relate to Administrative Procedure Act rules, the adoption and content of which may be found by research into the Michigan Administrative Code of 1979, as amended.

Similarly, interrogatory 8 does not appear to be material to plaintiff's trial preparation because it allegedly asks the Michigan Public Service Commission to set forth all facts supporting its claim in paragraph 13 of its answer. Said paragraph 13 reads:

"Plaintiff NOMECO lacks standing to assert on appeal that the proration order is a nullity, because the commission lacked jurisdiction, in that, NOMECO did not present the claim to this defendant, but admitted this defendant has jurisdiction under 1929 PA 9, sec 5, *supra,* and R 460.865(15), *supra,* to determine equitable rates of take or production for the wells in the Grant 13 Field, and this defendant did not consider, nor rule upon the claim."

It appears evident from examination of paragraph 13 that the Michigan Public Service Commission has no more facts to set forth supporting its claim because the facts are in the portion deleted from interrogatory 8; to wit, that plaintiff did not present a claim of lack of jurisdiction to the Public Service Commission. We are not suggesting that the jurisdiction issue was thereby waived, but merely that the facts pertaining to plaintiff's admission of defendant's jurisdiction are simply plaintiff's failure to present or contest the jurisdiction at the time it was before the commission.

With regard to interrogatory 2a and c and interrogatory 7, there was an enlightening colloquy between the trial court and plaintiff's attorney at the motion hearing on April 1, 1982. At pages 18 and 19 of the transcript of the hearing there appears the following:

"*The Court:* Why haven't you brought a motion to remand this matter to the Public Service Commission

where the proofs might be taken for preservation and whatever concerning the tie between as you call it Cleon 22 and as you call it Grant 13? Why haven't you done that as an affirmative action in the course of this case setting here?

"*Mr. Stephens:* Well, your Honor, we haven't done it because the issues are so identical in our mind, I mean, they are identical issues and *our feeling is that the PSC right now has all of the evidence.*

"*The Court:* Well, let me see if I can give you—what would happen if you came before the Michigan Supreme Court, 'your Honor's, you have got a case up here and would you please wait to decide this case until that little circuit judge down there in Ingham County gets through deciding his case?' Tell me what the circuit court would say to you?

"*Mr. Stephens:* I agree with that, and my response, my only response to that is, your Honor, that in this case the statute says that the PSC case is to be remanded, that the PSC is to have the first chance to decide the issue, and what I am saying is we have got a peculiar specific statute that says circuit court, don't take any action on an issue until—don't take any action on original evidence which might effect an issue, might change a decision on the issue until the case first goes to the PSC court decision.

"*The Court:* But, I still get back to the issue of why haven't you moved this on for a decision from this court, together with potentially a response from the other parties as to why this matter should not be sent back down?

"*Mr. Stephens:* O.K., my answer to that, your Honor, is our feeling that that—because of the identity of the issues, *because the evidence is all before the PSC,* it would be futile to remand this case to the PSC. The PSC is working on and has been working on Cleon 22 for two years. And we see no reason why this case, why this case should complicate their efforts and it's the identical issue. So, we haven't done anything to move it, to send this case back." (Emphasis supplied.)

Given plaintiff's counsel's two statements that

the Public Service Commission had all the evidence with regard to this case, it appears to us that the interrogatories could not have been material to plaintiff's trial preparation. Thus, we fail to see how interrogatories 2a and c and 7 could constitute sufficient "affirmative action" to bring the case to issue when plaintiff's counsel himself stated that the Public Service Commission already had all of the evidence necessary to decide the three main issues involved.

For the foregoing reasons we hold the trial court's ruling to have been proper.

Affirmed.