PENNWALT CORPORATION v PUBLIC SERVICE COMMISSION
#1

Docket Nos. 69405, 70167. submitted February 7, 1984, at Lansing.—
Decided August 7, 1984. Leave to appeal applied for.

On August 20, 1981, Pennwalt Corporation filed a complaint in
Ingham Circuit Court for review of a decision of the Michigan
Public Service Commission authorizing The Detroit Edison
Company to revise various of its rates. Pennwalt had partici-
pated as a party in the proceedings before the commission. In
August, 1982, the commission filed a motion to consolidate the
case with four others pending before the court. The motion was
resisted by Pennwalt and was denied. On January 11, 1983, the
case was dismissed, after a hearing, for lack of progress, Robert
Holmes Bell, J. Pennwalt's subsequent motion for reinstate-
ment was denied. Pennwalt appealed from both the dismissal of
the case and the denial of reinstatement and the appeals were
consolidated by the Court of Appeals. On appeal, Pennwalt
alleges that the commission's 1982 motion for consolidation,
which was the only activity reflected in the file after Septem-
ber, 1981, was a "step or proceeding" in the case sufficient to
avoid dismissal for lack of progress and that, further, Penn-
walt's pursuit of discovery in a related case involving the same
issues also served to make this matter ineligible for the no
progress call. *Held:*

1. The motion for consolidation filed by the commission was
not a step or proceeding directed toward resolution of the case
sufficient to avoid dismissal for lack of progress.

2. Plaintiff failed to assert its position regarding the discov-
ery in a related case at any time prior to the dismissal. The
trial court properly rejected this argument.

Affirmed.

ACTIONS — DISMISSAL — NO PROGRESS — COURT RULES.

A plaintiff must institute "steps or proceedings" directed toward
resolution of the case in order to avoid having the case dis-

REFERENCES FOR POINTS HEADNOTE
1 Am Jur 2d, Actions § 4.
24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 48 *et seq.*

missed for lack of progress; a motion to consolidate the case with another, filed by another party, is not such a step or proceeding sufficient to prevent dismissal, nor is discovery activity by the plaintiff in another case involving the same parties and similar issues sufficient to avoid dismissal where the plaintiff fails to assert, prior to dismissal, that the discovery activity should constitute "steps or proceedings" sufficient to avoid dismissal (GCR 1963, 501.3).

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Peter S. Sheldon*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey* and *Leo H. Friedman,* Assistants Attorney General, for the Public Service Commission.

*Christopher C. Nern, A. Robert Pierce, Jr.,* and *Fischer, Franklin, Ford, Simon & Hogg* (by *George Hogg, Jr.,* and *Philip E. Chafee*), for The Detroit Edison Company.

Before: CYNAR, P.J., and J. H. GILLIS and R. C. ANDERSON,* JJ.

PER CURIAM. In docket No. 69405, plaintiff has filed an appeal as of right from the January 14, 1983, order of Ingham County Circuit Court Judge Robert Holmes Bell which dismissed the cause for lack of progress. In docket No. 70167, plaintiff has filed an appeal as of right from the March 3, 1983, order of Judge Bell which denied plaintiff's motion for reinstatement. On April 7, 1983, this Court on its own motion consolidated the two appeals.

At issue in this case is the proper interpretation of GCR 1963, 501.3 which reads:

"Call of No Progress Cases. Not less than once in

* Circuit judge, sitting on the Court of Appeals by assignment.

each calendar quarter, at such time and place as the court may by order designate, the judge in open court shall supervise the call of all the actions on the civil calendar pending and undisposed of in which *no steps or proceedings appear to have been taken within 1 year.* If none of the parties or their attorneys appear at the time and place set for the general call and answer when their action is called, *the court may direct the clerk to enter an order dismissing the action for want of prosecution. If at the call it is shown that the failure to take steps or proceedings is not due to the plaintiff's fault or lack of reasonable diligence on his part, the action will not be dismissed.* The court may then order the action set down for final disposition at a specified date, or place it on the calendar for trial or hearing in due course, or make such other orders as may facilitate its prompt and just disposition. Local rules may provide for notice by publication in place of the general call of the calendar in open court." (Emphasis added.)

The complaint in this case was filed on August 20, 1981, and the matter was assigned to Judge James T. Kallman. An answer was filed on September 3, 1981, by The Detroit Edison Company, and an answer was filed on September 21, 1981, by the Michigan Public Service Commission. A year later, in August, 1982, a motion to consolidate this case with four others was filed by the Michigan Public Service Commission. That motion was resisted by plaintiff and on October 21, 1982, Judge Kallman denied the motion to consolidate as to this case, although he did grant consolidation as to the four remaining cases.

On January 11, 1983, following oral argument, this case was dismissed by Judge Bell for lack of progress. The next day, January 12, 1983, plaintiff filed a motion for reinstatement. Answers to that motion were filed by the defendants later in January, 1983. On March 3, 1983, Judge Bell, after oral argument, denied the motion for reinstatement.

It is undisputed that there was no activity in this file between September, 1981, and the dismissal for lack of progress, well over a year later, on January 11, 1983, except for the motion to consolidate filed by the Michigan Public Service Commission in September, 1982, and denied as requested by plaintiff on October 21, 1982.

The trial court ruled at the conclusion of the hearing on the motion for reinstatement that the motion to consolidate was not a step or proceeding directed toward resolution of this case "as a matter of law".

On appeal, plaintiff argues that this action was not properly placed on the no-progress docket under subrule 501.3, because the motion to consolidate, filed by defendant commission, was step or proceeding within the meaning of subrule 501.3, and further, plaintiff's diligent pursuit in developing evidence directly applicable to this case in a related matter, even though not appearing on the docket in this case, constituted "steps or proceedings" sufficient to make this matter ineligible for the no-progress call. In support of that argument, plaintiff asserts that the issue presented in this case, except for the test year, is identical to one of the issues which was before the Michigan Public Service Commission in U-6949, and that the proceedings in U-6949 were ongoing and included the taking of testimony of various expert witnesses and the filing of briefs, with this activity taking place throughout the calendar year 1982 and including testimony of expert witnesses and rebuttal witnesses in December of 1982.

The defendants argue that the motion to consolidate this case with four other appeals was merely for administrative purposes, since the four other statutory appeals from the commission's interim

and final rate orders in U-6488 had been assigned to three separate circuit court judges. Thus, it was in the interest of judicial economy to consolidate such cases; but, the motion to consolidate was not dispositive of the issues presented, and plaintiff's contention that the commission's motion to consolidate was a "step or proceeding" directed towards resolution of this action is fallacious. The defendants contend that the purpose of GCR 1963, 501.3 is to remove from the pending court cases those in which no affirmative progress, steps, or proceedings have been shown or taken within the year, and that it is not mere "activity" or a line entry or a mere formal order which constitutes the required progress or "steps or proceedings" directed toward resolution of a case. Regarding plaintiff's claim that its discovery in U-6949 should count as steps or proceedings in this case, the defendants state that at no time did plaintiff ever communicate this position to the court or to the defendants prior to the dismissal of this case.

In a recent case, *Northern Michigan Exploration Co v Public Service Comm,* 131 Mich App 571, 578; 345 NW2d 618 (1983), this Court held that the filing of interrogatories not material to plaintiff's trial preparation failed to constitute "affirmative action" so as to require reversal of the order dismissing plaintiff's cause of action for lack of progress.

Similarly, this Court now holds that the circuit court correctly construed subrule 501.3 when it held that a step or proceeding within the meaning of that subrule must be directed toward resolution of the case, and that as a matter of law a motion to consolidate filed by another party was not such a step or proceeding directed toward resolution.

Further, this Court holds that the circuit court

correctly rejected plaintiff's argument that its discovery activity in another case should constitute steps or proceedings in this case so as to avoid dismissal for no progress, where plaintiff failed to assert that position prior to dismissal. In *Kelley v Frank D McKay Realty Co,* 34 Mich App 370, 377; 191 NW2d 123 (1971), *lv den* 385 Mich 788 (1971), this Court said "plaintiff should not at this late date be permitted to assert that his activity in case no. CA 4522 kept this action alive".

Affirmed.