PENNWALT CORPORATION v PUBLIC SERVICE COMMISSION

Docket No. 89708. Submitted March 4, 1987, at Lansing. Decided February 1, 1988.

In 1964, Pennwalt Corporation sold its steam and electrical generating equipment and leased the real estate where the equipment was installed to The Detroit Edison Company, with Detroit Edison agreeing to supply Pennwalt with electricity and steam at a specified rate. In early 1981, Detroit Edison filed with the Michigan Public Service Commission a request for a rate increase for the steam and electric service to Pennwalt. Pennwalt intervened in the action, claiming that Detroit Edison's rate base should be reduced by $1,693,000 to reflect allegedly excessive costs associated with a federally mandated wastewater treatment facility constructed at the Pennwalt facility. Detroit Edison maintained that the costs associated with the wastewater treatment plant were reasonable and justified. The commission found those costs to be reasonable and allowed Detroit Edison to include those costs in its rate base. Pennwalt sought review in the Ingham Circuit Court, which dismissed the complaint for review for lack of progress. Pennwalt appealed. This Court affirmed. 136 Mich App 530 (1984). The Supreme Court denied leave to appeal, 428 Mich 889 (1987). During the pendency of this review, Detroit Edison filed another rate increase request. Pennwalt again intervened, again challenging the reasonableness of Detroit Edison's claimed costs for the wastewater treatment facility. Detroit Edison moved to strike the testimony of Pennwalt's witness on the basis that relitigation of the reasonableness of the expenditures was barred by res judicata and collateral estoppel. The

REFERENCES

Am Jur 2d, Public Utilities §§ 133 *et seq.*; 264 *et seq.*; 276 *et seq.*

Amount paid by public utility to affiliate for goods or services as includible in utility's rate base and operating expenses in rate proceeding. 16 ALR4th 454.

Advertising or promotional expenditures of public utility as part of operating expenses for ratemaking purposes. 83 ALR3d 963.

Administrative decision or finding based on evidence secured outside of hearing, and without presence of interested party or counsel. 18 ALR2d 552.

hearing officer granted Detroit Edison's motion. The commission granted Pennwalt's application for leave to appeal and ruled that Pennwalt should be allowed to present new evidence or evidence of changed circumstances relevant to the reasonableness of the expenditures for the wastewater treatment facility. Following the presentation of Pennwalt's evidence, the commission held that Detroit Edison's expenditures on the wastewater treatment facility were reasonable and could be included in the rate base. Pennwalt filed a complaint for review in Ingham Circuit Court. The circuit court, Thomas L. Brown, J., affirmed. Pennwalt appealed.

The Court of Appeals *held*:

1. The commission properly required Pennwalt to limit its presentation of evidence to new evidence or evidence of changed circumstances concerning the reasonableness of the expenditure for the wastewater treatment facility and properly placed upon Pennwalt the burden to establish by such new evidence or evidence of changed circumstances that the determination of reasonableness in the prior rate case was in error.

2. Pennwalt's proofs that there existed less expensive alternatives did not mandate a finding that the expenses incurred by Detroit Edison for the wastewater treatment facility were unreasonable. Accordingly, it cannot be said that the commission's finding that the expenses were reasonable was in error.

Affirmed.

PUBLIC UTILITIES — RATES — PUBLIC SERVICE COMMISSION — EVIDENCE — BURDEN OF PROOF.

The Michigan Public Service Commission, where it has in a prior ratemaking case determined that the costs expended by a public utility on a facility were reasonable and could be included in the rate base, may, in a hearing on a subsequent request for a rate increase in which the same costs are included in the rate base, limit evidence concerning the reasonableness of the previously considered costs to new evidence or evidence of changed circumstances and may properly place upon any party challenging the reasonableness of the rate base the burden of establishing by such new evidence or evidence of changed circumstances that the costs previously included in the rate base as reasonable were, in fact, unreasonable.

*Dickinson, Wright, Moon, VanDusen & Freeman* (by *Peter S. Sheldon* and *Jeffrey V. Stuckey*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey* and *Philip J. Rosewarne,* Assistant Attorneys General, for the Michigan Public Service Commission.

*A. Robert Pierce, Jr.* and *David L. Clark,* and *Fischer, Franklin, Ford, Simon & Hogg* (by *George Hogg, Jr.* and *Sidney M. Berman*), for The Detroit Edison Company.

Before: Hood, P.J., and D. E. Holbrook, Jr., and M. Stempien,* JJ.

Hood, P.J. Plaintiff, Pennwalt Corporation, appeals as of right from an order of the Ingham Circuit Court affirming the decision of the Michigan Public Service Commission in which the commission ruled that defendant The Detroit Edison Company could include in the rate base used to calculate the rate Edison charged plaintiff for steam and electric service its total expenditures incurred in constructing a wastewater treatment facility.

Until April 1, 1964, plaintiff owned and operated its own power plant in Wyandotte, Michigan, which supplied electricity and steam to its plant engaged in manufacturing and processing industrial chemicals. On April 1, 1964, plaintiff sold its steam and electrical generating equipment to Edison and leased to Edison the real estate upon which the equipment stood. In exchange, Edison agreed to supply plaintiff with electricity and industrial process steam for use at plaintiff's plant, at a specified rate. In early 1981, Edison applied to the commission to increase its rates. The case was assigned number U-6488. Plaintiff intervened in the action, claiming that Edison's rate base should

* Circuit judge, sitting on the Court of Appeals by assignment.

be reduced by an amount up to $1,693,000 to reflect allegedly excessive costs of installation, construction, engineering, and supervision of a wastewater treatment facility.[1] Edison, on the other hand, maintained that the total cost of the wastewater treatment facility should be included in its rate base because the costs associated therewith were justified and reasonable. The commission found Edison's total costs to be reasonable and, thus, allowed Edison to include the total costs in its rate base. Plaintiff filed a complaint in Ingham Circuit Court, seeking review of the commission's decision. The case was dismissed for lack of progress on January 11, 1983. Pennwalt appealed to this Court, which affirmed. *Pennwalt Corp v Public Service Comm #1,* 136 Mich App 530; 357 NW2d 712 (1984), lv den 428 Mich 889 (1987).

In the meantime, Edison petitioned the commission for another rate increase on September 14, 1981. That case was assigned case number U-6949. Plaintiff again intervened, again challenging the reasonableness of Edison's expenditures in constructing the wastewater treatment facility. Edison moved to strike the testimony of Pennwalt's witness, Philip C. Youngs, and the hearing officer granted the motion, finding that the principles of res judicata and collateral estoppel barred relitigation of the issue of the reasonableness of Edison's expenditures since, in case number U-6488, the commission had found the costs to be reasonable. Plaintiff filed an application for leave to appeal to the commission. On November 23, 1982, the commission granted plaintiff's application for leave to appeal, and ruled that Pennwalt should be allowed to present new evidence or evidence of changed

---

[1] The wastewater treatment facility was constructed pursuant to a 1972 federal statute which required that Edison and other industrial concerns install wastewater treatment plants.

circumstances relevant to the reasonableness of Edison's expenditures. After the testimony and exhibits of Youngs were presented, the commission issued its opinion and order on March 31, 1983, holding that Edison's expenditures were reasonable and that the entire expenditures could be used in formulating Edison's rate base. In so holding, the commission stated:

> The burden of proof throughout the reopened proceeding was on Pennwalt to bring forth new evidence or changed circumstances which would show the unreasonableness of the Commission's decision in Case No. U-6488. . . .
>
> After reviewing the supplemental record and the briefs and exceptions in this matter, the Commission finds that Pennwalt has not met its burden of proof. Pennwalt has not introduced new evidence or changed circumstances to persuade the Commission that its original decision in Case No. U-6488 was unreasonable regarding the Pennsalt[2] Wastewater Treatment Facility's costs. . . .
>
> . . . The new alternatives presented by Pennwalt do not fall into the category of either new evidence or changed circumstances. . . .
>
> . . . Pennwalt has not carried its burden of introducing evidence to show changed circumstances which cause the Commission's previous action to be unreasonable.
>
> The Commission does not address specifically each of Pennwalt's exceptions because they do not address the issue at hand. The Commission therefore summarily rejects those exceptions. Based on the discussion above, the Commission finds that Applicant's costs for the Pennsalt Wastewater Treatment Facility are reasonable. For all future proceedings, this item is found to be a legitimate expense, and any party wishing to contest it must

---

2 The Pennsalt Generating Plant was originally owned by Pennwalt before Pennwalt's corporation name was changed from "Pennsalt Corporation" to "Pennwalt Corporation." The generating plant has continued to be called the "Pennsalt Plant."

bear the burden of bringing forth new evidence or changed circumstances.

Plaintiff appealed to the Ingham Circuit Court. The circuit court affirmed, stating:

> At pages 117-118 of its March 31, 1983 Opinion Order in U-6949, the Comission found Pennwalt failed to carry its burden of introducing new evidence to persuade the Commission that its decision in U-6488 was unreasonable. The Commission found the alternatives presented by Mr. Young [sic] on the reopened record were neither new evidence nor evidence of changed circumstances. The Court agrees.
>
> *  *  *
>
> In reaching this decision, the Court finds it is of particular import that Edison's construction investment in the wastewater treatment facility at the Pennsalt Power Plant was a fixed past event on July 21, 1981 when the Commission issued its order in U-6488. Pennwalt alleges no events since that time which make that order unreasonable. Although each element of a utility rate is generally subject to challenge, the Court holds that a fixed past event such as this construction project, once determined reasonable, is susceptible to later challenge only upon a showing of new evidence or changed circumstances. Therefore, the Commission properly shifted the burden to Pennwalt in the reopened proceeding. Pennwalt failed to meet this burden.

On appeal, plaintiff first claims that, in case number U-6949, the commission and the trial court erred in placing the burden on plaintiff to bring forth new evidence or evidence of changed circumstance to establish that Edison's expenditures in constructing the wastewater treatment facility were unreasonable. Plaintiff contends that the burden should have remained on Edison to

prove that its costs were reasonable. Edison, on the other hand, argues that the doctrines of res judicata and collateral estoppel should have barred plaintiff from relitigating the reasonableness of the expenditures and that, by allowing the plaintiff to relitigate the question of reasonableness by permitting the admission of new evidence or evidence of changed circumstances, the commission and the court gave plaintiff even more rights than plaintiff was entitled to.

The duties of the Michigan Public Service Commission are set forth at MCL 460.1 *et seq.;* MSA 22.13(1) *et seq.* The commission is given broad discretionary power to set just and reasonable rates for privately owned public utilities. *Attorney General v Public Service Comm,* 118 Mich App 311; 324 NW2d 628 (1982), lv den 417 Mich 1003 (1983).

We first address whether res judicata and collateral estoppel apply in this case, as contended by Detroit Edison. The doctrines of res judicata and collateral estoppel apply to administrative determinations which are adjudicatory in nature where a method of appeal is provided and where it is clear that it was the legislative intention to make the determination final in the absence of an appeal. *Senior Accountants, Analysts & Appraisers Ass'n v Detroit,* 399 Mich 449, 457-58; 249 NW2d 121 (1976), reh den 400 Mich 953 (1977). The doctrines have been applied to decisions of the Michigan Employment Relations Commission,[3] the Michigan Employment Security Commission,[4] and the State Tenure Commission.[5]

---

[3] *Senior Accountants, supra.*

[4] *Roman Cleanser Co v Murphy,* 386 Mich 698; 194 NW2d 704 (1972).

[5] *Viera v Saginaw Bd of Ed,* 91 Mich App 555; 283 NW2d 796 (1979), lv den 408 Mich 922 (1980).

In *Standard Automotive Parts Co v Employment Security Comm,* 3 Mich App 561, 570; 143 NW2d 135 (1966), this Court stated:

> In general, the answer given by the courts to the question whether decisions of administrative tribunals are capable of being *res judicata* depends upon the nature of the administrative action involved. The doctrine of *res judicata* has been applied to administrative action that is characterized by the courts as "judicial" or "quasi judicial," while to administrative determinations of "administrative," "executive," or "legislative" nature, the rules of *res judicata* have been held to be inapplicable. 42 Am Jur, Public Administrative Law, § 161, p 520.

Fixing and regulating rates is a legislative function, not a judicial one. *Detroit v Michigan Public Utilities Comm,* 288 Mich 267, 287; 286 NW 368 (1939); *The Detroit Edison Co v Public Service Comm,* 127 Mich App 499, 524; 342 NW2d 273 (1983), lv den 419 Mich 867 (1984). In *Prentis v Atlantic Coast Line Co,* 211 US 210, 226-227; 29 S Ct 67; 53 L Ed 150 (1908), the Supreme Court stated:

> The establishment of a rate is the making of a rule for the future, and therefore is an act legislative, not judicial, in kind, as seems to be fully recognized by the supreme court of appeals . . . and especially by its learned president in his pointed remarks . . . .
> . . . And it does not matter what inquiries may have been made as a preliminary to the legislative act. Most legislation is preceded by hearings and investigations. But the effect of the inquiry, and of the decision upon it, is determined by the nature of the act to which the inquiry and decision lead up.

Since ratemaking is a legislative, rather than a judicial, function, the administrative determination made by the commission in setting rates is not "adjudicatory in nature," as required by *Senior Accountants.* Thus, res judicata and collateral estoppel cannot apply in the pure sense. However, this does not mean that the question of the reasonableness of the costs of the wastewater treatment facility had to be completely relitigated in case number U-6949. The precise question was litigated in case number U-6488, where the commission found the costs to be reasonable. To have the same proofs, exhibits, and testimony repeated would be a waste of the commission's resources. Rather, we feel that placing the burden on plaintiff to establish by new evidence or by evidence of a change in circumstances that the costs were unreasonable adequately balances the competing considerations of administrative economy and allowing plaintiff the chance to challenge the rate increase.

Next, plaintiff claims that, even if the burden was properly placed on plaintiff to prove the unreasonableness of the costs by new evidence or by evidence of changed circumstances, it met the burden. We disagree. The evidence in case number U-6949 which was not heard in case number U-6488 was the testimony of Philip C. Youngs, a member of the consulting engineering firm of McNamee, Porter & Seeley. Youngs offered examples of less expensive alternatives that Edison could have implemented in constructing the wastewater treatment facility. We agree with the circuit court that these alternatives did not rise to the level of "new evidence" or "changed circumstances" necessary to establish that Edison's expenditures were unreasonable. The fact that there were alternatives to the method chosen by Edison does not make the chosen method unreasonable.

The commission heard all the evidence on the chosen method and found that the expenditures incurred at the time the wastewater treatment facility was built were reasonable. This was affirmed by the circuit court. We do not feel that the fact that there were other alternatives renders Edison's chosen method unreasonable.

The order of the circuit court is affirmed. No costs, a public question being involved.