CONSUMERS POWER COMPANY v PUBLIC SERVICE
COMMISSION

Docket No. 124563. Submitted May 8, 1991, at Lansing. Decided June
10, 1991; approved for publication December 6, 1991, at 9:00
A.M.

Consumers Power Company, on September 29, 1989, filed an
application with the Public Service Commission as required by
MCL 460.6j; MSA 22.13(6j) for approval of a proposed power
supply cost recovery plan for 1990, describing the expected
sources of electric power supply and changes in the cost of
power supply anticipated for 1990. The Attorney General and
others intervened either to oppose or support the application,
particularly with regard to power supply cost recovery factors
related to certain qualifying facilities that had not yet com-
menced operation. The commission, relying solely on the evi-
dence presented in an earlier proceeding that involved Consum-
ers' purchase of electricity from several qualifying facilities,
including those not yet in operation, issued a temporary order
approving a power supply cost recovery plan that excluded the
nonoperating qualifying facilities. The temporary order further
provided that upon operation of the disputed qualifying facili-
ties, Consumers could implement a power supply cost recovery
factor that would be consistent with that approved in the prior
proceeding. Consumers appealed, claiming that the commission
should have conducted a full and complete hearing before
issuing the temporary order.

The Court of Appeals *held:*

MCL 460.6j(8); MSA 22.13(6j)(8) requires the Public Service
Commission to afford a reasonable opportunity for a full and
complete hearing before it issues a temporary order granting
approval or partial approval of a power supply cost recovery
plan. In this case, even though a hearing was not held, a
reasonable opportunity for a hearing was provided by virtue of
the commission's reliance on the extensive record of the prior

REFERENCES
Am Jur 2d, Public Utilities §§ 240, 266.
See the Index to Annotations under Electricity and Electric Compa-
nies; Power Service Commissions; Utilities.

proceeding involving the same question. It would be a waste of the commission's resources to have the same proofs, exhibits, and testimony repeated.

Affirmed.

PUBLIC UTILITIES — POWER SUPPLY COST RECOVERY PLANS — PUBLIC SERVICE COMMISSION — TEMPORARY APPROVAL — HEARINGS.

The requirement that the Public Service Commission must afford a reasonable opportunity for a full and complete hearing before issuing a temporary order approving or partially approving a public utility's power supply cost recovery plan may be satisfied by the commission's reliance on the record of a prior hearing where the same utility and the same cost recovery factors are involved (MCL 460.6j[8]; MSA 22.13[6j][8]).

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *Harvey J. Messing* and *Richard J. Aaron*), and *David A. Mikelonis, Frank R. Knox,* and *Denise M. Sturdy,* for Consumers Power Company.

*Don L. Keskey* and *Patricia S. Barone,* Assistant Attorneys General, for the Public Service Commission.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Thomas L. Casey,* Assistant Solicitor General, and *Luis F. Fernandez* and *Robert L. Mol,* Assistant Attorneys General, for the Attorney General.

*Hill Lewis* (by *Robert A. W. Strong* and *Mark S. Milosch*), for the Association of Businesses Advocating Tariff Equity.

Before: SHEPHERD, P.J., and WAHLS and R. B. BURNS,* JJ.

PER CURIAM. On December 21, 1989, the Public Service Commission unanimously held in Case No.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

U-9432 that Consumers Power Company should implement, effective January 1, 1990, a temporary power supply cost recovery factor of negative $.00304 per kilowatt-hour and should remove from any temporary power supply cost recovery factors any expenses relating to a qualifying facility until that facility was commercially operable and was on line to supply capacity or energy to Consumers Power Company's system. The order further provided that on the date of commercial operation of any qualifying facility, including the Midland Co-generation Venture Limited Partnership, Consumers Power could implement a power supply cost recovery factor that was consistent with the commission's findings in Case No. U-8871. The order further provided that the temporary power supply cost recovery factor should include an amount of capacity no greater and a rate no higher than those found appropriate under the commission's order in Case No. U-8871.

Consumers Power was ordered to submit to the commission, on or before January 9, 1990, its proposed calculation of the temporary power supply cost recovery factor that was consistent with the December 21, 1989, order and the commission's order in Case No. U-8871. All other parties were given until January 19, 1990, to file comments or corrective calculations concerning the power supply cost recovery factor. The order specifically provided that all other issues concerning the calculation of the appropriate power supply cost recovery plan factors, including the relief requested by Consumers Power Company relative to certain accounting issues, should be the subject of subsequent proceedings in this case. The commission reserved the right to adjust the temporary power supply cost recovery factor authorized by its order in the event that the ancillary calculations

and comments to be filed with the commission established that some corrective adjustment to Consumers Power Company's temporary power supply cost recovery factor was required. The commission also specifically reserved jurisdiction of the matters contained in the opinion and order and the authority to issue such further order or orders as the facts and circumstances might require.

Consumers Power Company filed this appeal from the December 21, 1989, temporary order pursuant to MCL 460.6j(8); MSA 22.13(6j)(8), which provides that such a temporary order "shall be considered a final order for purposes of judicial review." Subsection 8 reads in full:

> The commission, on its own motion or the motion of any party, may make a finding and enter a temporary order granting approval or partial approval of a power supply cost recovery plan in a power supply and cost recovery review, after first having given notice to the parties to the review, and after having afforded to the parties to the review *a reasonable opportunity for a full and complete hearing.* A temporary order made pursuant to this subsection shall be considered a final order for the purposes of judicial review. [Emphasis added.]

The only issue on appeal is the adequacy of the hearing afforded Consumers Power Company. It opposed the commission's issuing a temporary order fixing power supply cost recovery factors without first conducting evidentiary hearings regarding the matter.

The commission took the position that all parties had been given proper notice and had been afforded a reasonable opportunity for a full and complete hearing because in Case No. U-8871 ex-

haustive evidentiary hearings had been held and exhaustive determinations had been made relative to the need for qualifying facility capacity, qualifying facility capacity limits and allocations, and the appropriate avoided capacity cost rate, all for the period covered by the 1990 power supply cost recovery plan, and that those matters need not be relitigated or rendered meaningless. Case No. U-8871 involved more than ninety days of testimony, a transcript of 14,383 pages, and 428 exhibits. Further, the commission noted that the parties to the current case would have a full opportunity to participate in evidentiary hearings concerning Consumers' power supply cost recovery plan, as well as the subsequent reconciliation phase, and, while those hearings would not involve relitigation of Case No. U-8871, they would provide all parties an opportunity to explore any specific issues that might relate to the statutory standards or requirements and to the implementation of the findings in Case No. U-8871 for purposes of establishing proper power supply cost recovery factors. Therefore, the commission concluded, all parties had been and were being provided a "reasonable opportunity" for full and complete hearings concerning the 1990 plan and reconciliation. In support of its ruling in this regard, the commission relied on *Pennwalt Corp v Public Service Comm,* 166 Mich App 1; 420 NW2d 156 (1988), and *ABATE v Public Service Comm,* 430 Mich 33; 420 NW2d 81 (1988).

It is clear that subsection 8 requires only "a reasonable opportunity" for a full and complete hearing. In *Pennwalt Corp, supra,* p 9, this Court wrote:

> Since ratemaking is a legislative, rather than a judicial function, the administrative determination made by the commission in setting rates is not

"adjudicatory in nature," as required by *Senior Accountants* [*, Analysts & Appraisers Ass'n v Detroit,* 399 Mich 449; 249 NW2d 121 (1976)]. Thus, res judicata and collateral estoppel cannot apply in the pure sense. However, this does not mean that the question of the reasonableness of the costs of the wastewater treatment facility had to be completely relitigated in case number U-6949. The precise question was litigated in case number U-6488, where the commission found the costs to be reasonable. *To have the same proofs, exhibits, and testimony repeated would be a waste of the commission's resources.* Rather, we feel that placing the burden on the plaintiff to establish by new evidence or by evidence of a change in circumstances that the costs were unreasonable adequately balances the competing considerations of administrative economy and allowing plaintiff the chance to challenge the rate increase. [Emphasis added.]

In *ABATE, supra,* pp 43-44, the Supreme Court wrote:

We note, however, that the statute does not provide for a "full and complete hearing," as such, but instead provides for a "reasonable opportunity for a full and complete hearing." The "reasonable opportunity" language is not present in any of the other references to a "full and complete hearing" made in the section. We, therefore, conclude that the drafters and the voters intended that the PSC retain some discretion to exclude intervenor evidence during interim rate hearings. This discretion must not, however, be so broad so as to allow the commission to exclude evidence without a statutory basis. Instead, it shall be grounded in the commission's authority to determine upon what basis interim relief will be granted. In other words, the commission retains discretion to define the standards upon which it bases interim relief and to define what issues and factors, in a given case, are relevant to those standards. Intervenor

evidence which bears upon standards or issues and factors which the commission expressly designates solely to its final relief determination may be excluded. Such evidence would necessarily be admitted at the final rate hearing. In addition, the commission, so as to avoid protracted interim hearings, may decide that direct evidence must be submitted in written rather than oral form.

No error was committed by the PSC in relying upon the evidentiary hearing held in Case No. U-8871 as fulfilling the requirements of subsection 8, that parties be given a reasonable opportunity for a full and complete hearing.

Affirmed.